**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Steven T. Robinson
a/k/a Michael Moore

    v.                                            Civil No. 14-cv-550-LM

Esker L. Tatum, Warden, Federal
Correctional Institution, Berlin,
New Hampshire


**REPORT AND RECOMMENDATION**

    Steven T. Robinson is an inmate at the Federal Correctional Institution, Berlin, New Hampshire ("FCI-Berlin"). Before the court at this time is Robinson's petition for a writ of habeas corpus (doc. no. 1), brought pursuant to 28 U.S.C. § 2254, challenging his incarceration pursuant to convictions in the District of Columbia Superior Court ("D.C. Superior Court") in 2007 for second degree murder while armed and obstruction of justice.

    Also before the court are two status reports (doc. nos. 8 and 9), a motion to expedite proceeding (doc. no. 12), a motion to appoint counsel (doc. no. 13), a motion to show cause for an evidentiary hearing (doc. no. 14), and a motion/petition for standard of review (doc. no. 15). The court construes the assertions in each of these documents, aggregated, as the § 2254 petition in this matter. The petition, so construed, is before

the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules").

## Standard

In undertaking preliminary review pursuant to § 2254 Rule 4, this court decides whether the petition states a facially valid claim to relief that is cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994). When a habeas petitioner is proceeding pro se, the assertions in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Discussion

Robinson is challenging his conviction in the D.C. Superior Court, obtained in 2007 pursuant to a guilty plea. This court initially stayed this matter while Robinson litigated an identical petition, filed in the District of Columbia ("DDC"). See Moore v. Tatum, No. 1:15-00030-TSC (D.D.C. filed Dec. 9, 2015) ("DDC § 2254 Action"), ECF No. 1. The DDC subsequently dismissed that petition. Robinson seeks to lift the stay here, and obtain relief in this court, on the same eight claims litigated in and dismissed by the DDC.

On March 3, 2015, the DDC dismissed five of Robinson's

eight claims, identified in the original petitions filed in the DDC and in this court, as Grounds I-V, on the basis that the federal district courts have no jurisdiction over those claims, and directed Robinson to amend his petition as to the remaining three claims raised therein to allow that court to ascertain the nature of those claims. See DDC § 2254 Action, ECF No. 2.[1] Petitioner responded to that order by filing supplemental material in that court. Upon review of those filings, on May 27, 2015, the DDC dismissed Robinson's remaining claims, identified in the initial petitions filed in the DDC and in this court, as Grounds VI-VIII, on the basis that the federal district courts have no subject matter jurisdiction over those claims. See id., ECF No. 6.[2]

This court adopts and applies the reasoning of the DDC in this matter, and finds that this court has no subject matter jurisdiction over the eight claims in the instant petition. Accordingly, the district judge should dismiss Robinson's petition (doc. no. 1) for lack of subject matter jurisdiction. Further, Robinson's motion to expedite proceeding (doc. no. 12), motion to appoint counsel (doc. no. 13), motion to show cause

---

[1] The DDC's March 3, 2015, opinion is attached to this Report and Recommendation as Exhibit A.

[2] The DDC's May 27, 2015, opinion is attached to this Report and Recommendation as Exhibit B.

for an evidentiary hearing (doc. no. 14), and motion/petition for standard of review (doc. no. 15) should be denied as moot.

### Certificate of Appealability

The court must "issue or deny a certificate of appealability when it enters a final order adverse to the party" in a § 2254 petition.  § 2254 Rule 11(a).  The certificate is issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The district judge should not issue a certificate of appealability as Robinson has failed to make the requisite substantial showing of the denial of a constitutional right.

### Conclusion

For the foregoing reasons, and for reasons stated in the DDC decisions attached as Exhibits A and B to this Report and Recommendation, the district judge should dismiss Robinson's petition (doc. no. 1), deny the pending motions (doc. nos. 12-15), and deny a certificate of appealability in this case.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's

order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge


February 10, 2016

cc: Stephen T. Robinson (a/k/a Michael Moore), pro se